# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 09-20735
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EPIFANIO GONZALEZ-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-191-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Epifanio Gonzalez-Mendoza appeals his within-guidelines sentence of 37 months, following his guilty plea conviction of conspiracy to transport and harbor undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(iii), (a)(1)(B)(i), and (a)(1)(A)(v)(I). He argues, as he did in the district court, that the district court erred when it increased his offense level by four levels pursuant to U.S.S.G. § 2L1.1(b)(5)(B) based on its finding that he brandished a firearm during the offense and when it increased

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his offense level by six levels pursuant to § 2L1.1(b)(2)(B) based on its finding that he was accountable for transporting or harboring at least 25, but not more than 99, illegal aliens in the United States. He also argues, for the first time, that his sentence is substantively unreasonable.

Sentences are reviewed under an abuse of discretion standard for procedural error, such as failing to calculate the proper guidelines range, and substantive reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). Generally, the district court's application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, if the defendant fails to object in the district court, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

In the instant case, the PSR indicated that (1) three firearms were seized from the stash house during the security sweep; (2) one of the smuggled aliens identified Gonzalez-Mendoza as a guard who carried a semi-automatic handgun; (3) several of the smuggled aliens saw other firearms in the smugglers' possession; (4) Gonzalez-Mendoza admitted that he found a firearm hidden in the sofa, that he inspected it, and that he returned it to where he had found it; (5) 22 illegal aliens were present at the stash house, including Gonzalez-Mendoza and his four co-defendants; (6) Gonzalez-Mendoza arrived in the United States about 20 days prior to the raid and that he had lived in the stash house since that time; and (7) beginning in February 2009, "at least one to two loads [of aliens]" comprised of two to ten aliens each arrived at the stash house every week.

Gonzalez-Mendoza's objections to the PSR with respect to the firearms issue were insufficient to rebut the information contained therein. *See United States v. Lowder*, 148 F.3d 548, 552 (5th Cir. 1998); *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Given the PSR, the trial court did not clearly err in finding that Gonzalez-Mendoza brandished a firearm for purposes of

§ 2L1.1(b)(5)(B) or that he harbored or transported at least 25, but fewer than 99, illegal aliens. for purposes of § 2L1.1(b)(2). *See Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).

Gonzalez-Mendoza's argument regarding the substantive reasonableness of his sentence, which we also review for plain error, is also without merit. *See Peltier*, 505 F.3d at 392. The record reflects that the district court considered Gonzalez-Mendoza's arguments for a below-guidelines sentence but ultimately determined that a sentence at the bottom end of that range was appropriate in light of the circumstances of the case and the § 3553(a) factors. Gonzalez-Mendoza essentially seeks to have his sentence vacated based on a reweighing of the § 3553(a) factors by this court. However, the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *See Gall*, 552 U.S. at 51. Gonzalez-Mendoza has also failed to rebut the presumption of reasonableness afforded his within-guidelines sentence. *See United States v. Rita*, 551 U.S. 338, 347 (2007). Accordingly, Gonzalez-Mendoza has failed to show that the district court plainly erred in sentencing him to 37 months in prison. *See Peltier*, 505 F.3d. at 392.

AFFIRMED.